**IN RE IPS SYSTEMS, INC., Debtor.**

**Bankruptcy No. 95–47133–H5–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Feb. 13, 1997.

Martyn B. Hill, Houston, TX, for debtor.

R. Andrew Black, Trustee, Houston, TX.

*ORDER REGARDING MOTION TO RE-
CONSIDER AND CLARIFY THE
COURT'S ORDER DENYING MO-
TION FOR DISTRIBUTION OF RE-
TAINER*

KAREN KENNEDY BROWN,
Bankruptcy Judge.

Before the Court is Counsel for Debtor's Motion to Reconsider and Clarify the Court's Order Denying Motion for Distribution of Retainer Pursuant to Rules 8002(b)(4) and 9024, filed by Pagel Davis & Hill, P.C. ("PDH"). This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b).

Debtor filed this bankruptcy as a chapter 11 proceeding on September 15, 1995. Prior to the filing of this chapter 11 bankruptcy for debtor, PDH received from debtor $40,-000.00. PDH initially represented to this Court that the entire sum was held as a retainer for future legal services on debtor's behalf. Subsequently, PDH has explained that from this sum, prior to the filing of the bankruptcy, it paid itself $13,906.00 for its prepetition legal services provided to debtor and held on the filing date $25,280.00 as a trust retainer. PDH has never explained the disposition of the difference between these sums of $814.00.[1]

This case was converted to chapter 7 on December 21, 1995, and the chapter 7 trustee was appointed. PDH filed its motion to distribute retainer on March 12, 1996, claiming it incurred $80,057.00 in legal fees from the beginning of the chapter 11 and seeking to distribute to itself the entire retainer in partial payment of this sum. The chapter 7 trustee claimed the retainer as property of the estate and sought turnover from PDH. LaSalle National Bank contended that by virtue of the cash collateral order entered in the chapter 11 proceeding, it was granted a replacement lien on all of debtor's monies and, therefore, it controlled the use of those funds. LaSalle consented to the use of the funds for payment of these counsel fees, but if not used to pay counsel fees, it demanded turnover of the funds to itself. The Texas

---

**1.** If $800.00 was the filing fee, there remains a discrepancy.

Comptroller did not object to the allowance of PDH's fees and expenses but contended that the fees should be paid directly by La-Salle rather than from estate funds. The Texas Comptroller contended that all of debtor's counsel's actions benefitted only La-Salle; therefore, its collateral should be surcharged for these fees under 11 U.S.C. § 506(c).

By Order entered July 29, 1996, this Court disposed of the claims of the various parties and held that the motion for distribution of retainer was denied; that the Texas Comptroller's motion to surcharge LaSalle's collateral contained in the Texas Comptroller's Response and Request for Hearing on Motion to Distribution of Retainer was denied; that any lien claimed by LaSalle National Bank on the retainer was waived; and that Pagel Davis & Hill, P.C. shall turn over the debtor's $40,000.00 retainer to the chapter 7 trustee for distribution in accordance with 11 U.S.C. § 726.

█ Subsequently, in order to obtain final allowance of its fees as a claim against the estate, PDH filed a fee application as required by Fed.R.Bankr.P. Rule 2016. PDH sought approval of $72,196.00 in compensation and $8,958.97 in reimbursement of expenses for the time period of September 15, 1995 to December 21, 1995, the date of conversion to chapter 7. This Court ordered allowance of fees in the amount of $55,000.00 plus reimbursement of expenses in the amount of $8,958.97. PDH moves the Court to reconsider its prior order in so far as it denies PDH a security interest in the retainer and requires PDH to turnover its retainer to the trustee.

█ A retainer becomes property of the estate upon the filing of a bankruptcy. "The general rule in Texas and elsewhere, is that a retainer is held in trust, as property of the client, until applied to the bill of the attorney. This will mean that such retainers are, in the usual case, property of the bankruptcy estate." *In re Office Products of America, Inc.,* 136 B.R. 964 (Bankr.W.D.Tex.1992). Texas Business and Commerce Code section 9.203(a) provides that a security interest does not attach unless the collateral is in the possession of the secured party pursuant to

agreement, value has been given, and the debtor has rights in the collateral. Tex.Bus. & Comm.Code § 9.203(a). The Bankruptcy Code provides for Court review and approval of professional fees sought to be charged against the estate. 11 U.S.C. § 330. The Court finds that at the initiation of this bankruptcy, PDH held the retainer pursuant to agreement and that debtor had rights in the collateral.

Whether value has been given by PDH to the debtor for purposes of attachment of a security interest to the retainer as of that date, however, requires closer analysis. At first blush, it appears that value is given incrementally over time post-petition as the law firm performs legal services on the debtor's behalf. The automatic stay of 11 U.S.C. § 362 would preclude attachment of a security interest in property of the estate post-petition as work is performed on the debtor's behalf. Likewise, PDH lacks a court order granting it a post-petition security interest in the retainer fund. Thus, in order to meet the requirements for attachment of a security interest, value must have been given pre-petition for the post-petition work. The Court finds that the agreement of a law firm to represent the debtor through the bankruptcy case in accordance with all professional and ethical precepts is value for purposes of attachment of a security interest. Any such security interest is explicitly subject to later review by the bankruptcy court in accordance with the Bankruptcy Code. Accordingly, the Court concludes that PDH may retain its retainer and apply it to its approved fees.

Based on the foregoing, it is

**ORDERED** that this Court's Order entered July 29, 1996, is reaffirmed in all respects except as provided herein; it is further

**ORDERED** that PDH may apply its retainer to its approved fees; it is further

**ORDERED** that PDH is not required to turnover the retainer to the Chapter 7 trustee.