**In re Gerald JOHNSON, Debtor.**

**Bankruptcy No. 97–51245–H4–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

May 13, 1999.

Allan R. Lazor, Coselli, Lazor and Durham, Houston, TX, for debtor.

## AMENDED MEMORANDUM OF DECISION

WILLIAM GREENDYKE, Bankruptcy Judge.

The above-styled case came before the court on December 4, 1998 for hearing on Allen R. Lazor's (Lazor) Motion for Examination of Transaction with Counsel Relating to Professional Services Rendered and Application for Reimbursement of Expenses pursuant to Fed.R.Bankr.P.2017(a). Lazor seeks approval of the pre-petition retainer, reimbursement of out-of-pocket expenses and reimbursement of fees for the preparation of the application. At the hearing, the Court directed Lazor to submit authority for his request for compensation. After receiving Lazor's submissions, the Court took the matter under advisement. The Court must determine if it can approve a pre-petition retainer for an attorney's services if the services were performed both before and, more significantly, after the appointment of a Chapter 11 trustee.

Upon full consideration of the arguments by counsel, the facts, and the law, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On October 16, 1997, the debtor, Dr. Gerald W. Johnson, contacted Lazor to discuss the "substantive legal issues of relief under [the] various chapters of Title 11 of the United States Code." *Exhibit B to Motion.* On October 29, 1997, the debtor paid Lazor a retainer of $33,800 to be applied towards future fees and expenses. *Id.* On November 4, 1997, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On November 25, 1997, the Court appointed Randy W. Williams as Chapter 11 trustee. Subsequent to the appointment of the trustee, on January 13, 1998, the Debtor filed an application to retain Allan Lazor as counsel. On February 5, 1998, the Court signed an order authorizing Lazor's employment, effective November 4, 1997. On September 22, 1998, Lazor filed this motion seeking Court approval that the $33,-800 retainer be approved as compensation for professional services rendered.

The motion was drafted in a form similar to conventional fee applications that the Court reviews pursuant to § 330 of the Code. The motion included the time entries expended by Lazor in his representation of the debtor. The time entries were not separated into pre- and post-appointment categories. Reviewing the time entries, Lazor billed 38.1 hours of services prior to the appointment of the Chapter 11 trustee. Lazor valued these services at $200 per hour for a total $7,620.00 in legal fees. Lazor also requested $966.63 of expenses attributable to the same time period. Lazor billed for 131.91 hours of services subsequent to the appointment of the Chapter 11 trustee. Lazor valued these services at $200 per hour for a total of $26,382 in fees. Finally, Lazor requested $6,403.32 in expenses incurred by him post-appointment.

### CONCLUSIONS OF LAW

This case is governed by 11 U.S.C. §§ 329 and 330. Section 329 provides that an attorney must file a statement of the compensation paid or agreed to be paid, if the agreement was entered into within one year before the date of the filing of the petition. This section authorizes the Court to examine fees made to debtor's attorneys in order to protect the creditors of the debtor and prevent overreaching by the debtor's attorney. *In re Hill,* 5 B.R. 541 (Bankr.C.D.Cal.1980); *In re Whitman,* 51 B.R. 502 (Bankr.D.Mass. 1985). Section 329 is designed for the Court to review not only fees paid in connection with cases under Title 11, but also fees paid in contemplation of or in connection with the case. *In re Rheuban,* 121

B.R. 368 (Bankr.C.D.Cal.1990). Section 329 mandates that the Court review fee arrangements even in the absence of an objection to the compensation paid or sought to be paid. *In re Investment Bankers, Inc.,* 4 F.3d 1556 (10th Cir.1993), *cert. denied,* 510 U.S. 1114, 114 S.Ct. 1061, 127 L.Ed.2d 381 (1994); *In re Crimson Investments, N.V.,* 109 B.R: 397 (Bankr. D.Ariz.1989).

■ Section 330 requires the Court to examine any request for fees from the estate to determine if they are reasonable and were necessarily incurred. *In the Matter of England,* 153 F.3d 232 (5th Cir. 1998). Even though Lazor does not couch his motion as a fee application, it is in fact a request for the Court to approve fees paid from funds which otherwise would have been property of the estate. As such, the Court must review this application as it does all other fee applications and determine if the amount requested may be approved and allowed.

■ Reviewing the applicable case law, the Court concludes that Lazor's request is governed by the Fifth Circuit case, *In the Matter of Pro–Snax Distributors, Inc.,* 157 F.3d 414 (5th Cir.1998). As in this case, the Circuit was presented with the question of "whether a Chapter 11 debtor's attorney may be compensated for work done after the appointment of a trustee under § 330(a) of the Bankruptcy Code." *Id.* at 416. In *Pro–Snax,* an involuntary Chapter 7 was filed against the debtor on August 10, 1995. The debtor consented to relief and converted the case to Chapter 11 on September 13, 1995. Prior to the involuntary petition and through the conversion to Chapter 11, the debtor's counsel had provided legal services to the debtor. On October 16, 1995, the bankruptcy court appointed a Chapter 11 trustee to oversee the case. Subsequently, the debtor's attorneys filed the first plan of reorganization and disclosure statement. Confirmation hearings on the proposed plan were conducted on February 13, 1996. The Court denied confirmation, and on Febru-

ary 20, 1996, it converted the case to Chapter 7 on motion of the petitioning creditors.

In July of 1996, the debtor's counsel filed a fee application for the period of September 13, 1995 (the date of conversion to Chapter 11) through May 31, 1996 (some three months *after* conversion to Chapter 7 and some seven months after the appointment of the Chapter 11 trustee). The creditors objected to the fees requested by the debtor's counsel arguing that § 330 does not allow compensation to debtors' counsel after the appointment of a Chapter 11 trustee. Despite the objection, the bankruptcy court awarded reduced fees. On appeal the district court reversed and remanded the case back to the bankruptcy court to determine the amount of fees incurred prior to the appointment of the trustee. On appeal to the Circuit, the Circuit affirmed the district court holding that debtor's counsel was not entitled to compensation for services rendered after the appointment of the Chapter 11 trustee.

The Circuit determined the source of the problem facing the court was the construction of 11 U.S.C. § 330 because in the statute, debtors' attorneys are not included as officers of the court who may be compensated. *See* 11 U.S.C. § 330(a)(1); *see also In re Pro–Snax* at 421. Therefore the issue was "whether the bankruptcy Court may award fees and expenses to an attorney 'employed under section 327 or 1103,' even though the statute does not include attorneys in its list of officers who may be compensated." *In re Pro–Snax,* at 421. Even though "common sense" might dictate a different result, the Circuit did not deviate outside the plain language of the statute. Consequently, " . . . [the statute] excludes attorneys from its catalog of professional officers of a bankruptcy estate who may be compensated for their work after the appointment of a Chapter 11 trustee." *Id.* at 425.

This Court is cognizant that this situation is a difficult one for debtor's attorneys. Debtor's attorneys expect compensation for work performed whether done prior to or subsequent to the appointment of a Chapter 11 trustee. Their argument is that the work performed subsequent to the appointment of a trustee is just as reasonable, necessary, and compensable as the services rendered prior to the appointment.

■ Despite the logical merit of such an argument, the Court is bound both by the plain terms of the statute as well as unequivocal Circuit authority. The *Pro–Snax* opinion is not the only case to so hold. Other courts have also stated that after the appointment of the trustee, the debtor's attorney can no longer serve in the best interests of the estate and should, therefore, not be compensated by it:

> [t]he intent of the Bankruptcy Code seems crystal clear that just as a trustee replaces the debtor-in-possession for the purpose of administering the estate and operating its business, so it is that the trustee's attorney displaces the debtor's attorney in order that the trustee will have counsel and assistance in performing his fiduciary duties. There is no need for the debtor to have assistance performing those duties which are fully assumed by the trustee, and hence any "debtor's attorneys" can serve no beneficial purpose for the estate unless they are characterized as attorneys for the trustee.

*In re NRG Resources, Inc.,* 64 B.R. 643, 647 (W.D.La.1986). Once a trustee is appointed, he administers the estate, and "anyone [else] participating in the performance of that duty must meet the requirements of 11 U.S.C. § 327." *Id.* at 648.

In this case, Lazor seeks approval of his pre-petition retainer consisting of fees and expenses accrued both before and after the appointment of the trustee. Although this court understands Lazor's plight, we must apply *Pro–Snax* and thereby deny approval of the retainer applicable to the period after the appointment of the trustee.

■ At the hearing on this application, Lazor argued that he had an attorney's lien which had attached to his retainer and that this somehow circumvented the requirements of §§ 327 and 330. He cited *In re IPS Systems, Inc.,* 205 B.R. 88 (Bankr.S.D.Tex.1997) to support his claim that he had an attorney's lien in the funds. Reviewing the case law on this issue, the Court discovered two different approaches to the issue. The first approach adopted by Judge Brown in the IPS Systems case is that the lien attaches upon payment and "the agreement of a law firm to represent the debtor through the bankruptcy case ..." *Id.* at 89. Other courts take a different approach, holding that the lien attaches "only after an attorney has completed compensable work." *See In re Printcrafters, Inc.,* 208 B.R. 968, 976 (Bankr.D.Col.1997) and *In re Dixon,* 143 B.R. 671 (Bankr.N.D.Tex.1992).

Lazor urges this Court to adopt the approach taken by Judge Brown in the *IPS Systems* case and hold that his attorney's lien attached upon his agreement to represent the debtor throughout the course of the case. Even assuming Lazor has an attorney's lien which attached upon the agreement to represent the debtor, that fact alone does not relieve him of the restrictions of the Bankruptcy Code. In a bankruptcy case, fee allowance is still a requirement before an attorney can apply a retainer to a bill for services rendered. Judge Brown in the IPS case, relied upon by Lazor, similarly recognized that any security interest is "explicitly subject to later review by the bankruptcy court in accordance with the Bankruptcy Code." *IPS Systems supra* at 89.

Simply possessing an attorney's lien does not entitle Lazor to retain the entire amount of the retainer. "Such an interpretation would render the employment and compensation requirements of the Code and Rules meaningless. An attorneys' lien simply secures the amount of the

**676**

underlying debt as determined by the bankruptcy court." *In re Monument Auto Detail, Inc.,* 226 B.R. 219, 225 (9th Cir. BAP 1998). This Court is in complete agreement with the holding of the *Monument Auto Detail* case. Consequently, even though Lazor might have a valid lien in the retainer—that lien can only attach to the fees allowed by the Court and, under *Pro–Snax,* that fee is limited to preappointment services only.

 Having determined that Lazor may only be compensated for preappointment services, the disposition of the remainder of retainer is still in question. Any unallowed portion of a retainer is property of the estate in which the debtor has an interest. Thus, it is this Court's opinion that the remainder of the retainer not allowed by this order should be turned over to the Chapter 11 trustee. A "court may order all or any part of the retainer to be returned to the estate ... regardless of the claim of the firm that the retainer stands as 'security' for its unpaid fees." *In re Office Products of America, Inc.,* 136 B.R. 964, 970–71 (Bankr.W.D.Tex.1992). It will be up to the Chapter 11 trustee to determine the final disposition of the funds in accordance with the applicable provisions of the Code.

In conclusion, the Court treats this motion as an application to approve fees. Under the principles set out in *Pro–Snax,* the Court cannot approve fees for services rendered after the appointment of the Chapter 11 trustee. The services rendered prior to the appointment were reasonable and necessary and should be compensable from estate property. Services rendered after the appointment cannot be compensated from estate funds. A separate form of order will be entered in accordance with this Memorandum Opinion.