**In re Pearl Russell MILLER, Doris Ann Miller, Debtors.**

**Bankruptcy No. 96–41186–7.**

United States Bankruptcy Court, D. Kansas.

Aug. 5, 1997.

Richard F. Hayse, Morris Laing Evans Brock & Kennedy, Chtd., Topeka, KS, for Richard F. Hayse.

Tom R. Barnes, Stumbo Hanson & Hendricks, L.L.P., Topeka, KS, for debtors.

Darcy D. Williamson, Topeka, KS, trustee.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Chief Judge.

This case is before the Court on the objection of creditor Lyons State Bank to the application for compensation filed by the debtors' attorney. Lyons State Bank (Lyons) appears by counsel Richard F. Hayse of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Topeka, Kansas. The debtors appear by counsel Tom R. Barnes II of Stumbo, Hanson & Hendricks, L.L.P., of Topeka, Kansas. The Court has reviewed the relevant pleadings, considered the arguments of counsel, and is now ready to rule.

The facts are not disputed. This personal chapter 7 bankruptcy case was complicated by the debtors' ownership and operation of a service station and a farm, and one of the debtors' shared ownership with her stepmother of certain real estate. The debtors paid their attorney $680 on or before the day when they filed for bankruptcy and $125 since then. Their attorney has submitted an itemized bill asserting that he performed services worth $3,423.91 which benefitted the estate or were necessary to the administration of the case. He wants to apply to these fees the $805 the debtors have paid, and be allowed an administrative expense for the $2,618.91 balance. Lyons does not dispute the documentation or reasonableness of the time counsel spent performing the services, and has not questioned counsel's assertion the services benefitted the estate or were necessary to administer the case. Instead, it argues only that fees for a chapter 7 debtor's attorney are no longer allowable under 11 U.S.C.A. § 330(a)(1), following its amendment in 1994.

## DISCUSSION AND CONCLUSIONS

Before 1994, section 330 of the Bankruptcy Code read in pertinent part:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, *or to the debtor's attorney*—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

(Underline added). In the Bankruptcy Reform Act of 1994, effective October 22 of that year, Congress rewrote § 330(a) so that it now contains six subsections. *See Pub.L. No. 103–394, § 224(b) (Oct. 22, 1994), reprinted in 1994 U.S.C.C.A.N. (108 Stat.) 4106, 4130–31.* The first new subsection follows much of the language of the old § 330(a), and reads:

(a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

Fees allowed under this provision become administrative expenses of the bankruptcy estate under § 503(b)(2). The amendment of § 330(a) has generated disputes like the one now before the Court because it omitted the phrase "or to the debtor's attorney" which is underlined in the above quotation of the old statute. Creditors like Lyons argue Congress omitted the phrase in order to preclude the fees of debtors' attorneys from qualifying as administrative expenses. The Court would emphasize that Congress omitted the phrase from a newly-worded provision rather

than affirmatively deleting the words from the existing provision.

Some courts have accepted Lyons's view. At least two of them have relied on one of the other new subsections Congress added to § 330(a), which provides:

> (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—
>
> (i) unnecessary duplication of services; or
>
> (ii) services that were not—
>
> (I) reasonably likely to benefit the debtor's estate; or
>
> (II) necessary to the administration of the case.
>
> (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

In *In re Kinnemore,* 181 B.R. 520, 521 (Bankr.D.Idaho 1995), the court ruled the omission of "the debtor's attorney" from (a)(1) coupled with (a)(4)(B)'s provision for paying chapter 12 and 13 debtors' attorneys meant a chapter 7 debtor's attorney could no longer be paid from the bankruptcy estate. About the same time, another court reached a similar conclusion, and added that a retainer paid to the chapter 7 debtor's attorney prepetition could not be applied to postpetition fees and had to be turned over to the bankruptcy estate. *In re Friedland,* 182 B.R. 576, 577–80 (Bankr.D.Colo.1995). Without offering any additional analysis of the 1994 amendments, two Oregon bankruptcy judges have agreed that the omission of "the debtor's attorney" precludes allowing fees for a chapter 7 debtor's attorney as an administrative expense. *In re Fassinger,* 191 B.R. 864, 865 (Bankr.D.Or.1996) *(Higdon, J); In re Century Cleaning Servs., Inc.,* 202 B.R. 149, 151 (Bankr.D. Or.1996) *(Perris, J).* The *Century Cleaning* court, noting *Friedland* had not explained why the attorney in that case did not have a lien, did rule that the debtor's attorneys had a valid lien under applicable state law on a prepetition retainer and could apply the retainer to their postpetition fees since the lien had not been avoided by the chapter 7 trustee. 202 B.R. at 151–53.

■ This Court cannot agree with these courts' view of (a)(4)(B). The provision does not generally make administrative expenses of all the fees charged by a chapter 12 or 13 debtor's attorney but instead establishes an exception to the general rule set out in (a)(4)(A) that courts may not allow fees for services that involved unnecessary duplication or were not either reasonably likely to benefit the estate or necessary to administration of the case. That is, (a)(4)(A) limits the fees allowable as administrative expenses under (a)(1), but (a)(4)(B) makes fees for services provided for the debtor's sole benefit allowable for chapter 12 and 13 debtors' attorneys. Thus, if the omission of "the debtor's attorney" from (a)(1) means debtors' attorneys do not qualify for administrative expenses under that provision, that exclusion applies to services provided by a debtor's attorney in chapters 12 and 13 as well as chapters 7 and 11 that benefitted the estate but not the debtor or were necessary for administration of the case but not to represent the interests of the debtor. It certainly seems strange to think that Congress would have intentionally chosen to permit chapter 12 and 13 estates to pay for attorney services that benefitted the debtor but not those that benefitted the estate or were necessary to the administration of the case.

Besides the anomaly created if (a)(1) precludes any bankruptcy estate from paying a debtor's attorney for services that benefit the estate or are needed for its administration while (a)(4)(B) clearly allows chapter 12 and 13 estates to pay for those that helped only the debtor, certain other questions prevent the Court from accepting the simplistic conclusion that Congress intended generally to preclude bankruptcy estates from paying fees for debtors' attorneys. First, the initial list in (a) of covered types of people does not contain the conjunction "or" before "a professional person" which one would expect to find if that phrase were intended to be the last one in the list. Second, the list of covered

types in (a)(1) includes "attorney" while the list in (a) does not. Under the old statute, the word "attorney" in the second list clearly referred back to "the debtor's attorney" in the first list, but in the new statute, the word introduces a new type of person in a grammatically awkward (if not incorrect) way, making the second list contain one more type than the first list does. Both these drafting errors indicate either "the debtor's attorney" was mistakenly omitted from the first list or else other changes made necessary by the phrase's deliberate omission were mistakenly not made. Third, § 329 allows an attorney to be paid prepetition by the debtor "for services rendered or to be rendered in contemplation of or in connection with" a bankruptcy case, subject to court review of the fees for reasonableness, yet as the court in *Friedland* recognized, such a retainer would be property of the estate and perhaps could not be applied to the attorney's postpetition fees if § 330(a) precludes allowing those fees as an administrative expense. *But see Century Cleaning*, 202 B.R. at 151–53.

These problems lead the Court to conclude the amended § 330(a) is ambiguous, and cannot be analyzed as if Congress had simply deleted the phrase "or to the debtor's attorney" from the prior version of the statute. A leading bankruptcy treatise suggests that the omission of the phrase from the amended statute was inadvertent, and that construing the amendment to preclude administrative expense treatment of fees for debtors' attorneys except as provided in (a)(4)(B) would represent a fundamental change in the law which was not mentioned in the legislative history of the amendment. *3 Collier on Bankruptcy, ¶ 330.LH[5] at 330–76 to –77 (Lawrence P. King, et al., ed., 15th ed. rev. 1997).* None of the four cases discussed above which ruled debtors' attorneys could no longer be paid under § 330(a) cited any legislative history that indicated Congress intended generally to exclude debtors' attorneys from the provision or even mentioned that the phrase "the debtor's attorney" had been omitted. In fact, only one of the cases referred to the legislative history at all, and that one declared, "There is no legislative history to guide the interpretation of these particular amendments to Section 330."

*Friedland*, 182 B.R. at 578. In *Dewsnup v. Timm*, 502 U.S. 410, 419–20, 112 S.Ct. 773, 779, 116 L.Ed.2d 903 (1992), the Supreme Court said:

When Congress amends the bankruptcy laws, its does not write "on a clean slate." See *Emil v. Hanley*, 318 U.S. 515, 521 [63 S.Ct. at 690–91] (1943). Furthermore, this Court has been reluctant to accept arguments that would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history. See *United Savings Assn. v. Timbers of Inwood Forest Associates*, 484 U.S. 365, 380, 108 S.Ct. 626 [635], 98 L.Ed.2d 740 (1988). See also *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 563, 110 S.Ct. 2126 [2133], 109 L.Ed.2d 588 (1990); *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 245, 109 S.Ct. 1026 [1032], 103 L.Ed.2d 290 (1989). Of course, where the language is unambiguous, silence in the legislative history cannot be controlling. But, given the ambiguity here, to attribute to Congress the intention to grant a debtor the broad new remedy against allowed claims to the extent that they become "unsecured" for purposes of § 506(a) without the new remedy's being mentioned somewhere in the Code itself or in the annals of Congress is not plausible, in our view, and is contrary to basic bankruptcy principles.

Thus, in light of the ambiguities in the text, the absence from the legislative history of any mention of the omission of "the debtor's attorney" from the reworded § 330(a)(1) should be taken as an indication that Congress did not intend to change the prior practice of allowing fees to debtors' attorneys as well as other professionals in appropriate circumstances.

The only circuit court to consider the revised § 330(a) to date stated it was inclined to agree with a slightly earlier revision of *Collier* which also asserted that the omission of "the debtor's attorney" was inadvertent, but declined to rest its holding on that conclusion, saying instead:

Where the benefits of services to the estate are the same, it makes no sense to treat performances of such benefits by debtors' attorneys differently than performances by other retained professionals. This accords with "the statute's aims that attorneys be reasonably compensated and that future attorneys not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation." *UNR Indus., [Inc]* 986 F.2d [207,] 210 [ (7th Cir. 1993) ]. As reasoned in *Collier*, if the services of a debtor's attorney "are reasonably likely to benefit the debtor's estate, they should be compensable." 2 *Collier* ¶ *330.04 at 330–43 [ (15th ed 1995) ].

*In re Ames Dept. Stores, Inc.*, 76 F.3d 66, 71–72 (2d Cir.1996). Since the 1994 amendments, one other court has allowed the fees of a chapter 11 debtor's attorney which were incurred after a trustee was appointed, distinguishing *Friedland* on the ground such an attorney is more like a chapter 12 or 13 debtor's attorney than a chapter 7 debtor's attorney. *In re Pro–Snax Distributors, Inc.*, 204 B.R. 492, 495–97 (Bankr.N.D.Tex.1996). Together, these authorities and the anomaly and ambiguities in the text indicate amended § 330(a) should not be construed as Lyons has asked this Court to do. Instead, the omission of "the debtor's attorney" should be viewed as an inadvertent error not intended to preclude the fees of debtors' attorneys from qualifying for administrative expense treatment under the standards set forth in § 330(a)(4)(A). Consequently, the Court concludes Congress did not intend to change the prior law allowing debtors' attorneys to be compensated under § 330(a) but only to modify or clarify the standards under which their fees can be allowed.[1]

The Court has reviewed the fees sought and generally agrees with the debtor's attorney that the services provided were reasonably likely to benefit the estate or were necessary to the administration of the

case. However, the Court finds $446.50 has been charged for services concerning lien avoidance, exemptions, and stay relief, matters which benefitted only the debtors, and are not allowable under § 330(a). These fees are payable by the debtors, though, and since they have paid more than that amount, the Court will not reduce the amount allowed under § 330(a) below the balance still owed to the attorney. On the other hand, counsel has charged for faxes not shown to be necessary and photocopying not shown to be other than a part of ordinary office overhead. The $84.45 included for these expenses is not allowable under § 329 against the debtors or under § 330(a) against their estate. The $2,618.91 balance sought must therefore be reduced to $2,534.46, and that amount will be allowed under § 330(a) and will become an administrative expense of the estate under § 503(b)(2).

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by FRBP 9021 and FRCP 58.

---

**1.** Two bills are presently pending before the House of Representatives that would add "or the debtor's attorney" to § 330(a). See HR 120, 105th Cong. (1997), the "Bankruptcy Law Technical Corrections Act of 1997," and HR 764, 105th Cong. (1997), "A bill to make technical corrections to title 11." As indicated by the names of the bills, their sponsors view such an addition as a technical amendment, not a substantive change. While pending legislation is not a great indicator of the meaning or intent of a past enactment, these bills provide some additional support for this Court's interpretation of § 330(a).