**In re Edgar S. SKINNER, Debtor.**

**Bankruptcy No. 5–95–01090.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Aug. 13, 1999.

Gary M. Bowman, Roanoke, VA, for Debtor.

Roy V. Wolfe, Harrisonburg, VA, for trustee.

## DECISION and ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court for decision is whether a Chapter 7 debtor's attorney should be compensated from the estate. The Chapter 7 Trustee objected to the fee application filed by Debtor's counsel, and a hearing was held on December 17, 1998, at which both parties were heard. The Court has considered the pleadings filed by the parties, the arguments of counsel presented at the hearing, and the relevant law on this issue. For the reasons stated in this Decision and Order, the Court finds that the Bankruptcy Code does not permit the payment of compensation to a Chapter 7 debtor's attorney from the estate.

### Background and Facts

The Debtor filed a voluntary petition for relief under Chapter 11 on December 6, 1995. Gary M. Bowman was approved as counsel for the Debtor on January 10, 1996. The case was subsequently convert-ed to Chapter 7 on March 8, 1998 upon motion of the United States Trustee and due to the Debtor's inability to obtain adequate insurance on real property of the bankruptcy estate. On November 19, 1998, Mr. Bowman filed his fee application seeking fees of $15,677.75 and expenses of $541.00 for work done and anticipated to be done during the period March 8, 1996 through December 17, 1998. Mr. Bowman later supplemented his fee application with an affidavit filed with the Court at the December 17, 1998, hearing.

At the hearing, the Trustee proffered that he had no objection to the quality of services rendered by Mr. Bowman or the amount of time spent performing such services. Instead, the Trustee argued that under the Bankruptcy Code, the trustee has the sole responsibility to perform the services which Mr. Bowman performed after conversion to Chapter 7. The Trustee further argued that he had neither asked nor employed Mr. Bowman to perform any services on behalf of the estate. As a result, the Trustee objected to the payment of such fees from estate assets. Mr. Bowman acknowledged that he had neither been employed nor asked by the Trustee to perform the services but maintained that the services he provided were necessary and beneficial to the estate and thus warranted compensation. At the conclusion of the hearing, the Court entered an Order approving the fee application but reserved its ruling on whether the fees should be paid from the bankruptcy estate.

### Discussion and Analysis

 The key statutory provision in the Court's analysis of this issue is 11 U.S.C. § 330. Prior to enactment of the Bankruptcy Reform Act of 1994, P.L. No. 103–394, 108 Stat. 4106 (1994) (hereinafter the "Act"), § 330(a) provided the statutory authority for a court to award compensation to a Chapter 7 debtor's attorney.[1]

1. Prior to the Act. § 330 provided in relevant part:

(a) After notice to any parties in interest and to the United States trustee and a

Upon passage of the Act in 1994, § 330(a) was amended and the phrase "the debtor's attorney" was omitted.[2] In addition, the Act added § 330(a)(4)(B) which confers the authority upon the court to award reasonable compensation to the attorney for an individual debtor in Chapter 12 or Chapter 13.[3]

As a result of the Act, § 330 now specifically includes counsel for Chapter 12 or Chapter 13 individual debtors among those whom the court may award compensation but omits counsel for Chapter 7 debtors.[4] Because the amendment represents a fundamental change from the pre-Act § 330, some courts and legal scholars question whether Congress intended to eliminate a bankruptcy court's authority to award compensation to attorneys for Chapter 7 debtors while at the same time granting the court the authority to award compensation to attorneys for Chapter 12 or Chapter 13 individual debtors or whether Congress inadvertently revoked the court's authority to award compensation to attorneys for Chapter 7 Debtors. Those courts

and legal scholars holding the omission of Chapter 7 debtor's attorneys from § 330 to be inadvertent generally rely upon the lack of legislative history surrounding the passage of the Act as well as the grammatical inconsistencies now contained within § 330 to support their position.[5] *See generally In re Ames Department Stores, Inc.*, 76 F.3d 66 (2nd Cir.1996) (although Chapter 7 debtors' attorneys are not specifically included in § 330, where the services they render benefit the estate, they should be compensable); *In re Bottone*, 226 B.R. 290 (Bkrtcy.D.Mass.1998) (in the absence of any legislative history or comment to support such a drastic change in the statute, the omission was inadvertent); *In re Miller*, 211 B.R. 399 (Bkrtcy.D.Kan. 1997) (the grammatical inconsistency in § 330 and the lack of legislative history surrounding its amendment indicate that Congress did not intend to exclude Chapter 7 debtors' attorneys from § 330); *3 Collier on Bankruptcy* ¶ 330.LH[5] at 330–74 to 330–76 (Matthew Bender 15th Ed. Revised 1999) (because of the lack of legislative history to support such a drastic

---

hearing,...the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, *or to the debtor's attorney*
(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney as the case may be ...;
11 U.S.C. § 330(a) (1978) (emphasis added).

2. The Act deleted sections 330(a) and (a)(1) and added a single new section 330(a)(1) which provides in relevant part:
(a)(1) After notice to the parties in interest...the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103–
(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional employed by such person; and
(B) reimbursement for actual, necessary expenses.

3. Specifically, § 330(a)(4)(B) provides:
(B) In a chapter 12 or 13 case in which the debtor is an individual, the court may

allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.
Section 503(b)(2) allows compensation and reimbursement awarded under § 330(a) to be granted administrative priority.

4. Although not relevant to the present case, the amendments to § 330 also prevent a court from awarding compensation to counsel for a Chapter 11 debtor for services performed after the appointment of a Trustee.

5. In deleting the phrase "the debtor's attorney" from § 330(a), the drafters of new § 330(a)(1) neglected to include the conjunction "or" immediately before the phrase "a professional person". In addition, new § 330(a)(1)(A) in an apparent reference to the list of persons to whom the court may award compensation in § 330(a), contains the phrase "or attorney". Some authorities point to these inconsistencies as providing the basis for a finding that the statute is ambiguous.

change in § 330, courts should construe the omission of the debtor's attorney from the section as unintended).

However, the majority of courts that have considered this issue find the section clear and unambiguous in its omission of the Chapter 7 debtors' attorney from those who may be awarded compensation by the court and in so finding, decline to examine the statute's legislative history in order to determine congressional intent. *See generally In the Matter of Pro–Snax Distributors, Inc.*, 157 F.3d 414 (5th Cir.1998) (there is no need to inquire into the intent of Congress when faced with a statute such as § 330 that is clear on its face); *In re Johnson*, 234 B.R. 671 (Bankr.S.D.Tex. 1999) (*citing Pro–Snax* to find that § 330 prevents a court from approving fees for services rendered after the appointment of a trustee); *In re Fassinger*, 191 B.R. 864 (Bankr.D.Or.1996) (section 330 does not permit a court to award compensation to attorneys for Chapter 7 debtors); *In re Friedland*, 182 B.R. 576 (Bankr.D.Colo. 1995) (the plain meaning of § 330 does not allow for the award of compensation to counsel for debtors in Chapter 7); *In re Kinnemore*, 181 B.R. 520 (Bankr.D.Idaho 1995) (the Act eliminated the statutory basis for an award of compensation to a Chapter 7 debtor's attorney); *In re Thomas*, 195 B.R. 18 (Bankr.W.D.N.Y.1996) (the current § 330(a)(1) no longer allows for payment of legal services rendered to a Chapter 7 debtor).

■ This Court agrees with the majority of courts in finding § 330 to be clear and unambiguous in its omission of a Chapter 7 debtor's counsel from those to whom the court may award compensation. In so finding, the Court need not delve into the legislative history of the Act. Courts must presume that a legislature says in a statute what it means and means in a statute what it says. *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–

54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) *citing United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241–242, 109 S.Ct. 1026, 1030–1031, 103 L.Ed.2d 290 (1989); *U.S. v. Goldenberg*, 168 U.S. 95, 102–103, 18 S.Ct. 3, 4, 42 L.Ed. 394 (1897); *Oneale v. Thornton*, 6 Cranch 53, 68, 3 L.Ed. 150 (1810). There is no dispute that "a debtor's attorney" was deleted from § 330(a). Finally, the Court also notes that in the nearly five years since the enactment of the Bankruptcy Reform Act of 1994, Congress has declined to enact legislation to correct any inadvertent omission from § 330(a) of language pertaining to Chapter 7 debtors' attorneys.[6]

### Conclusion

For the reasons stated in this Decision and Order, it is

### ORDERED:

That the Motion of Debtor's counsel to have his fees paid from the Chapter 7 bankruptcy estate is DENIED.

---

**6.** The *Miller* Court noted legislation pending at that time which reportedly intended to reinsert the phrase "to the debtor's attorney" in § 330(a) as additional support for its hold-

ing that the omission of the phrase was indeed inadvertent. *See In re Miller*, 211 B.R. 399, 403 n. 1 (Bankr.D.Kan.1997).