In re Anne T. TAYLOR, Debtor.

James M. Towarnicky, P.L.L.C., et al., Appellants,

v.

Gordon P. Peyton, Chapter 7 Trustee, et al., Appellees.

No. CIV.A. 00–673–A.

United States District Court, E.D. Virginia, Alexandria Division.

July 25, 2000.

James M. Towarnicky, James M. Towarnicky, P.L.L.C., Springfield, VA, for Plaintiff.

Gordon P. Peyton, Trustee, Office of the United States Trustee, Alexandria, VA, for Defendant.

*MEMORANDUM OPINION*

BRINKEMA, District Judge.

Before us is an appeal by the debtor, Anne T. Taylor, and her attorney, James P. Towarnicky, challenging the Bankruptcy Court's denial of Towarnicky's application for payment of post-petition attorney fees in the amount of $2,362.50 from the bankruptcy estate. The denial stemmed from the court's conclusion that, after an amendment by Congress in 1994, 11

U.S.C. § 330 precludes a bankruptcy court from awarding post-petition fees from the bankruptcy estate to the debtor's attorney in cases under Chapter 7. Because we disagree with the bankruptcy court's statutory construction, this case will be remanded for further consideration.

## I. BACKGROUND

Taylor, an attorney, filed a voluntary petition for Chapter 7 bankruptcy, 11 U.S.C. § 101, on February 1, 1999. At that time, she was a named defendant in multiple lawsuits pending against the Washington, D.C. law firm where she was once a partner. She hired Towarnicky to represent her in the bankruptcy, and agreed to an $850 fee for filing the petition, to be paid at a later date. The United States Trustee appointed Gordon P. Peyton as interim trustee, and after the meeting of creditors, he became the permanent trustee.

On February 8, 2000, Towarnicky filed an Application by Counsel of Debtor, Anne T. Taylor, for Approval and Payment of Attorney's Fees. Towarnicky sought payment from the bankruptcy estate of $3,212.50 in attorney's fees, of which $850.00 was for pre-petition services. The remaining $2,362.50 for post-petition services included fees for filing pleadings in a civil case pending against Taylor, negotiating a settlement in another civil case, preparing amendments and schedules, and preparing a motion to require the trustee to abandon the debtor's interest in a home jointly owned with her mother. Neither the trustee nor any creditor filed objections to the application, and the bankruptcy court took the application under advisement.

By Memorandum Opinion and Order on March 9, 2000, the bankruptcy judge denied Towarnicky's application, without prejudice to counsel's right to receive distribution from the estate of the $850.00 in pre-petition fees. Towarnicky and Taylor have appealed this ruling, and the United States Trustee has filed a brief in support of affirming the bankruptcy court's decision.

## II. DISCUSSION

The bankruptcy judge denied the application for post-petition fees because, in his view, there is no legal authority to give priority status to compensation owed debtor's counsel in a Chapter 7 case. He noted that there is only one provision in the Bankruptcy Code expressly providing for compensation for a debtor's attorney, and that applies only in a "chapter 12 or chapter 13 case." 11 U.S.C. § 330(a)(4)(B). He also cited *In re American Steel Prod., Inc.*, 197 F.3d 1354, 1356 (11th Cir.1999), and *In re Pro-Snax Distributors, Inc.*, 157 F.3d 414 (5th Cir.1998), for their holdings that Section 330 precludes an award of attorney's fees to a debtor's attorney in a Chapter 7 or 11 proceeding.

On appeal, Towarnicky argues that we should follow a line of cases, which includes decisions from the Second and Ninth Circuit Courts of Appeals, and find that Congress intended Section 330 to allow fees for the debtor's attorney in a Chapter 7 case.

We review *de novo* the bankruptcy court's interpretation of the Code because that conclusion involves pure questions of law. *In re Southeast Hotel Properties Ltd. Partnership*, 99 F.3d 151, 154 (4th Cir.1996). The Fourth Circuit has not yet addressed the attorney's fee issue. *But see In re Skinner*, 240 B.R. 225 (Bankr. W.D.Va.1999) (the only published opinion in this circuit addressing this issue and finding that fees are not recoverable).

A review of the relevant statutory language and the cases interpreting it fully supports Towarnicky's statutory construction. Specifically, we find, as have other authorities, that Section 330 is ambiguous and we further find that the better view of this statute is that it still provides for payment of appropriate fees to the Chapter 7 debtor's attorney.

Section 330 of the Bankruptcy Code, 11 U.S.C. § 330(a), provides, in pertinent part:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing ... the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person.

Since Congress amended this provision in 1994, several courts have observed that it creates an ambiguity with respect to the debtor's attorney. *In re Century Cleaning Servs., Inc.*, 195 F.3d 1053, 1058 (9th Cir.1999) (finding ambiguity); *In re Miller*, 211 B.R. 399, 402 (Bankr.D.Kan.1997) (same); *but see In re American Steel Prod., Inc.*, 197 F.3d at 1357 (finding that plain language of Section 330 precludes award of attorney's fees to debtor's attorney from the Chapter 7 bankruptcy estate). The courts which have found ambiguity observe that the list of persons in Section 330(a)(1) to whom compensation may be awarded is missing a conjunction, such as "and" or "or," before the penultimate person listed, "a professional person." 11 U.S.C. § 330(a)(1). *In re Century Cleaning Servs., Inc.*, 195 F.3d at 1058 (noting missing conjunction); *In re Miller*, 211 B.R. at 401–02 (same). Furthermore, it is apparent from Section 330(a)(1)(A), the very next clause in the Act, that Congress uses a conjunction where one would expect it. In that clause the statute addresses the "trustee, examiner, professional person, *or* attorney." 11 U.S.C. § 330(a)(1)(A) (emphasis added).

Besides the mysterious grammatical error, Sections 330(a)(1) and 330(a)(1)(A) are logically inconsistent, in that the former refers to three persons to whom compensation may be awarded, yet the latter refers to four persons. *See In re Century Cleaning Servs. Inc.*, 195 F.3d at 1056 (noting "glaring inconsistency in the two lists of eligible persons that constitutes § 330(a)(1)"). The absence of the phrase "debtor's attorney" from Section 330(a)(1) creates further structural ambiguities in the Code because Section 331 permits payment from the bankruptcy estate of interim compensation for "[a] trustee, an examiner, *a debtor's attorney*, or any professional person employed under section 327 or 1003." 11 U.S.C. § 331 (emphasis added). Obviously, if a debtor's attorney is eligible to apply for interim payments, she must be eligible for payments in the first place.

■ Where a court finds, as we do, that a statute is ambiguous, it should look beyond the statute to resolve the ambiguity. *United States v. Sheek*, 990 F.2d 150, 152 (4th Cir.1993). *Contra In re Pro–Snax Distribs., Inc.*, 157 F.3d 414, 425 (5th Cir. 1998) (finding the statute unambiguous because "while the grammatical elision leads to an awkward construction, it does not in any way render the statute nonsensical," and therefore finding no entitlement of debtor's attorney to compensation); *In re Redding*, 242 B.R. 468, 474 (Bankr. W.D.Mo.1999) (admitting that language of statute is "grammatically awkward and perhaps incorrect as it stands," but finding no ambiguity).

■ The legislative history of Section 330 provides some guidance for resolving the ambiguity. Before the Bankruptcy Reform Act of 1994, Section 330 provided:

> (a) After notice to any parties in interest and to the United States trustee and a hearing ... the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, *or to the debtor's attorney* (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, *or attorney* as the case may be.

11 U.S.C. § 330(a)(1978) (emphasis added). Although the 1994 revision of this section omits the phrase "or to the debtor's attor-

ney," nothing in the legislative history of the revised section addresses why this omission occurred. The absence of any comment, as well as the grammatical error created by the omission, suggests that Congress's omission was inadvertent. *In re Century Cleaning Servs., Inc.*, 195 F.3d at 1061 (expressing disbelief that Congress would "make such a substantial change to existing law without even so much as mentioning the existence of the change" during the legislative process); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71–72 (2d Cir. 1996) (omission was inadvertent); *In re Bottone*, 226 B.R. 290, 297 (Bankr.D.Mass. 2000) (same). Indeed, the leading commentator on the Bankruptcy Code argues that Congress made an inadvertent error, and that courts should therefore follow the pre–1994 language and permit awards of appropriate fees to the debtor's attorney. Lawrence P. King, Collier on Bankruptcy ¶ 330.LH[5] (15th ed.2000); *see In re Century Cleaning Servs., Inc.*, 195 F.3d at 1059–60 (explaining how Congress's 1994 amendment entailed deleting several lines at the end of Section 330(a)(1), and theorizing that the amendment's author "simply crossed out a few too many words," and inadvertently deleted the four words "or a debtor's attorney" immediately preceding the intended deletion).

■ We find that Congress's error was inadvertent, and that the legislative intent of permitting a bankruptcy court to award compensation to the Chapter 7 debtor's attorney remains in the Code after the 1994 amendment. This conclusion is not only consistent with a reasonable interpretation of the statute, but also with the sound public policy interest to avoid discouraging attorneys from taking bankruptcy cases out of a concern that they will not be paid adequately. *See In re Ames Dep't Stores, Inc.*, 76 F.3d at 72.

Although we find that Section 330 does not preclude the bankruptcy court from awarding Towarnicky's post-petition fees, it is still within the province of the bankruptcy court to determine which of the requested fees were for services provided to the bankruptcy estate, and to award only those fees. 11 U.S.C. § 330(a)(1)(3) (explaining how to determine "the amount of reasonable compensation to be awarded"); *See In re Mahaffey*, 247 B.R. 823, 824 (Bankr.D.Mont.2000) (noting that even if counsel is eligible for attorney's fees under Section 330, the matter is not over until the court determines which of the requested fees benefit the Chapter 7 estate and may therefore be awarded). Although the bankruptcy judge suggested that some of the fees were exclusively in the interest of the debtor, (*See* Bankruptcy Court Memo. at 4, n. 4), we find that he did so only in dicta, because his holding precluded awarding any fees whatsoever. Therefore, this case will be remanded for further consideration.

### III. CONCLUSION

For the foregoing reasons, the bankruptcy court's denial of post-petition attorney's fees will be REVERSED, and this matter will be REMANDED to the bankruptcy court for resolution of debtor's counsel's application for attorney's fees, consistent with this opinion.