**In re William E. LILLISTON,
Sr., Debtor.**

**Bankruptcy No. 88–5–2189–SD.**

United States Bankruptcy Court,
D. Maryland.

Jan. 4, 1991.

**120**

Robert B. Scarlett, Heneson and Scarlett, Baltimore, Md., trustee.

Brooke Schumm, III, Miles & Stockbridge, Baltimore, Md., for debtor.

## MEMORANDUM OF DECISION ON MOTION BY U.S. TRUSTEE TO DISALLOW EXCESSIVE FEE OF DEBTOR'S ATTORNEY

E. STEPHEN DERBY, Bankruptcy Judge.

This matter comes before the court on a motion by the U.S. Trustee to disallow retainer fees charged by Debtor's attorney as excessive in violation of 11 U.S.C. § 329(b). Certain retainer fee amounts which the U.S. Trustee acknowledged to have been earned prepetition or to have been for services which benefitted the estate have been allowed previously, without objection. The remaining issues for decision are whether a prepetition retainer paid by the chapter 7 debtor to his counsel for postpetition representation to defend anticipated dischargeability litigation is property of the estate, and, if so, whether the attorney's fees for defending discharge or dischargeability complaints under 11 U.S.C. §§ 727 or 523 are chargeable to a Chapter 7 bankruptcy estate. Since the proper treatment of prepetition retainers is an area of developing law, *In re McDonald Bros. Construction, Inc.*, 114 B.R. 989 (Bankr.N.D.Ill.1990), this court granted the joint request of counsel to brief the issues raised by the U.S. Trustee's motion.

On the law and factual stipulations of the parties, the court concludes that the $1,500.00 retainer is property of the estate. Furthermore, the professional services at issue have not been shown to benefit the estate. As a result, the debtor, rather than the estate, is liable for their payment.

### I. *Jurisdiction*

This Court's jurisdiction to determine the proper treatment of funds received by Debtor's counsel is conferred by 28 U.S.C. § 1334(b), since the proceeding "arises in" the Debtor's bankruptcy case. This is a core proceeding subject to final orders of a bankruptcy judge, since treatment of the retainer affects the administration of the estate. 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), (O).

### II. *Facts*

The parties have stipulated to the following facts: Within two weeks prior to the Debtor's Chapter 11 petition initiating this case, Debtor paid his attorney $15,000.00 as a retainer. Debtor intended that $1,500.00 of this amount be designated strictly as a retainer of counsel for services to defend against anticipated objections to discharge under 11 U.S.C. § 727 and complaints to determine dischargeability of debts under 11 U.S.C. § 523. By previous order entered May 30, 1990, the court approved $13,500.00 of this retainer, leaving the remaining $1,500.00 in issue. There is no dispute concerning the reasonableness of the postpetition fees and expenses to be applied against the retainer.

### III. *Conclusions*

#### A.

■ 11 U.S.C. § 330(a) provides generally that, after notice and a hearing, the court may award reasonable attorney's fees for actual and necessary services rendered, based upon the time, nature, extent and value of the services, as well as upon the cost of comparable services in nonbankruptcy cases. Professional services are compensable only if they benefit the estate. *In re Reed*, 95 B.R. 626, 628 (Bankr.E.D.Ark.1988), citing, *inter alia, In re Jessee*, 77 B.R. 59, 60 (Bankr.W.D.Va. 1987) and *In re Spencer*, 48 B.R. 168, 171 (Bankr.E.D.N.C.1985).

The commencement of a case under 11 U.S.C. §§ 301, 302 or 303 creates an estate

comprised of all legal and equitable interests of the Debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). A portion of a fee retainer paid to the debtor's attorney which has been earned prepetition is not property of the bankruptcy estate. Any unearned portion, however, is considered property of the estate because the Debtor retains an equitable interest in it. *Stewart v. Law Offices of Dennis Olson,* 93 B.R. 91, 93 (Bankr.N.D.Tex.1988), affirming on modified grounds *sub nom., In re Leff,* 88 B.R. 105 (Bankr.N.D.Tex.1988). In the instant case, the retainer was not earned prepetition, but was paid to secure representation for anticipated postpetition discharge litigation. Memorandum of Debtor's Counsel Re: Retention of Retainer for Discharge Services at 2.

State law defines the Debtor's interest in property. *In re Leff,* 88 B.R. at 107. Maryland law treats a retainer paid to counsel for future services as funds held in trust for the client until earned. MSBA Ethics Opinion Docket No. 88–9 (1988). The nature of the Debtor's equitable interest in the retainer is to receive the services for which the retainer was paid, to have the retainer credited for payment of those services, and to receive a refund of unearned fees if counsel's representation is terminated. *Id.* Since Debtor had an equitable interest in the retainer funds as of the bankruptcy filing date, the prepetition retainer is property of the bankruptcy estate. Therefore, the trustee could require the $1,500 retainer be turned over to the estate pursuant to 11 U.S.C. § 542 if, or to the extent, it was not earned for services properly chargeable to the bankruptcy estate.

## B.

■ The right of Debtor's counsel to compensation from the estate depends upon the extent to which counsel's services benefit the estate. *In re Leff,* 88 B.R. at 108. To illustrate this principle, the *Leff* court quoted with approval examples of compensable services: " 'for analyzing the debtor's financial condition; rendering advice and assistance to the debtor in determining whether to file a petition in bank-

ruptcy; the actual preparation and filing of the petition [and required schedules and statements]; and representing the debtor at the Section 341 meeting of creditors.' " *Id.* at 108–109. The court added that although this list was not exclusive, counsel for a Chapter 7 debtor may not be compensated from the estate for other services unless he establishes that his services benefited the estate. *Id.* at 109. See also *In re Taylor,* 66 B.R. 390, 394–397 (Bankr.W.D. Pa.1986). Where professional services are performed which benefit only the debtor personally, the debtor, not the estate, is liable for payment of the services. *In re Reed,* 95 B.R. 626, 628 (Bankr.E.D.Ark. 1988); see *In re Hunt,* 59 B.R. 842, 843 (Bankr.N.D.Ohio 1986). In the case at bar, counsel has not established that any of his services will benefit the estate. Bankruptcy law does not permit a debtor to dissipate the estate to the disadvantage of creditors.

The fees at issue were paid as a retainer strictly for anticipated services in defending complaints to determine the dischargeability of debt or objections to discharge. These fees benefit the Debtor personally, rather than the estate or its creditors. Accordingly, Debtor is liable for payment of the counsel fees at issue.

Debtor's counsel argues that prohibiting a debtor from paying a retainer to assure a defense in a non-dischargeability action would contravene the intent of Congress to assure an honest debtor a fresh start. Debtor's counsel maintains that such a prohibition could force a debtor to defend a dischargeability objection without counsel, which could thereby render any defense ineffective. Counsel relies on *In re Deihl* in which the Bankruptcy Court for the District of Maine concluded that a debtor's counsel was entitled to compensation for legal services rendered to a debtor in defense of a dischargeability complaint. *In re Deihl,* 80 B.R. 1 (Bankr.D.Me.1987). The *Deihl* Court relied on *In re Gray,* 7 C.B.C. 571, 583 (Bankr.D.Me.1975) which rejected as inequitable and against Congressional intent, the practice of allowing debtors to initiate voluntary bankruptcy proceedings and to surrender their assets in anticipation of discharge relief, only to be denied effective relief because the debt-

ors lack the necessary legal counsel with which to litigate their right to a discharge or to the discharge of a particular debt. *In re Deihl*, 80 B.R. at 2.

The *Deihl* Court also relied on *In re Spisak*, 2 B.C.D. 1592, 1594 (Bankr.D.N.J. 1977) for its conclusion that a rigid rule disallowing attorney's fees for defense of non-dischargeability actions is inappropriate. *In re Deihl*, 80 B.R. at 2. Such a rule would contravene Congress' policy of permitting honest debtors a fresh start, since it would force them to defend dischargeability actions without the necessary legal counsel. *Id.*

The arguments raised by Debtor's counsel, and found persuasive by the *Deihl* court, do not give adequate recognition to other factors which mitigate against use of estate assets to defend a debtor's personal interests. There is no benefit to the estate or to creditors in defending objections to dischargeability or to a debtor's discharge. There is no interest of creditors served in a liquidation case, for which creditors should be expected to pay, from defense of such actions, whether successful or unsuccessful. The benefit sought by defending such actions is for the debtor alone. Further, the Bankruptcy Code allows a debtor some resources to pay for such a defense, namely, assets which a debtor exempts under 11 U.S.C. § 522(b) and an individual debtor's future earnings. 11 U.S.C. § 541(a)(6). Indeed, the bankruptcy court in *In re Leff* concluded that requiring a debtor to use such assets " 'furthers the 'fresh start' objective of the Bankruptcy Code 'while not putting the full burden of the debtor's legal expenses on the estate and, consequently, on the creditors.' " *In re Leff*, 88 B.R. at 109, quoting *In re Hunt*, 59 B.R. at 844.

For the reasons stated above, the motion by the U.S. Trustee to disallow excessive fee of debtor's attorney will be granted in the amount of $1,500.00.

ORDER DISALLOWING FEE IN PART

Upon the U.S. Trustee's Motion to Disallow Excessive Fee, the responses thereto, memoranda and stipulations of the parties, and arguments of counsel at a hearing on May 14, 1990, and for the reasons stated in a Memorandum of Decision on Motion by U.S. Trustee to Disallow Excessive Fee of Debtor's Attorney filed contemporaneously herewith, it is, this 2nd day of January, 1991, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that fees for postpetition services rendered by Debtor's counsel in defense of discharge and dischargeability litigation are not allowed as expenses of the bankruptcy estate; and it is further

ORDERED, that Debtor's counsel shall refund and pay to the trustee for the estate $1,500 of the prepetition retainer received by counsel from the Debtor.