**In re Barbara PRUDOFF, Debtor.**

**Robert O. TYLER, Trustee, Plaintiff,**

**v.**

**Barbara PRUDOFF, Defendant.**

**Bankruptcy No. 93–12137–AT.**
**Adv. No. 94–1012–T.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

March 30, 1995.

Fritz Schneider, Washington, DC, for debtor.

Nancy Rivet Lopez, Alexandria, VA, for trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held December 8, 1994, on plaintiff's amended complaint to avoid post-petition transfer and compel turnover of an unused portion of a retainer given prepetition. The court took the matter under advisement. For reasons stated in this memorandum opinion, the court will enter an order compelling the turnover of the unused portion of the retainer in the amount of $25,-262.56.

### Findings of Fact

On May 11, 1993, Barbara Prudoff signed a retainer agreement to retain Stephen C. Glassman to perform legal services in certain domestic relations matters. The agreement required debtor to "endorse, transfer, assign[,] and negotiate to this firm the $82,000 promissory note" on which debtor was payee. The agreement also stated that "[y]ou understand that by transferring this note to me and to this law firm you are losing all interest in the note. Your only claim of right will be what this attorney/client agreement provides."

Under another provision of the agreement, Prudoff retained a residual interest in the note. The agreement stated:

Assuming that this firm has completed rendering services to you pursuant to this Agreement at the time the promissory note balloons, then upon pay to the firm of the principle [sic] amount of the note and any accrued interest, the firm shall first pay all outstanding billings to you, including interest and costs. Any balance thereafter remaining shall be paid to you. If the firm is continuing to represent you at the time the balloon payment on the note is received, then the proceeds in excess of accrued billings shall be held in escrow as an additional retainer until all work is completed by the firm. Thereupon, any balance shall be returned to you.

On May 13, 1993, pursuant to the agreement, Prudoff assigned the note to Glassman.

On May 17, 1993, Debtor Prudoff filed a Chapter 7 bankruptcy petition.

The note was prepaid in July 1993 and as of that date Glassman had collected $80,-602.29 on the note.

On August 11, 1993, Glassman paid debtor $20,262.56 for excess proceeds collected under the assigned note over and above Glassman's fees and costs. On August 12, 1993, Glassman paid debtor an additional $5,000.00. The chapter 7 trustee moves this court to avoid the transfer and to compel debtor to turnover the $25,262.56. The trustee argues that because debtor retained an interest in the proceeds of the note at the commencement of her bankruptcy case, the postpetition proceeds are property of the estate. Debtor argues that her conditional interest in the

proceeds was an insignificant interest which was not property of the estate.

### Conclusions of Law

■ Pursuant to 11 U.S.C. § 541(a)(1), a debtor's legal and equitable interest in property as of the commencement of the case constitutes "property of the estate." *See* 11 U.S.C. § 541(a)(1). The code also provides that "property of the estate" encompasses *any interest* in the property preserved for the benefit of or ordered transferred to the estate under the trustee's strongarm or avoidance powers. *See* 11 U.S.C. § 541(a)(4) (emphasis added). In addition, "property of the estate" should be construed broadly. *See Mid–Atlantic Supply, Inc. of Va. v. Three Rivers Aluminum Co. (In re Mid–Atlantic Supply Co.),* 790 F.2d 1121, 1124 (4th Cir. 1986). "[T]he legislative intent behind the current Bankruptcy Code is that § 541(a)(1) 'includes every conceivable interest of the debtor in the estate.'" *See World Communications, Inc. v. Direct Mktg. Guar. Trust (In re World Communications, Inc.),* 72 B.R. 498, 500 (D.Utah 1987) (quoting Norton Bankruptcy Law and Practice, § 29.04 at 29–6 (1981)).

However, this expansive definition must be balanced against § 541(d), which provides that:

> [p]roperty in which the debtor holds ... only legal title and not an equitable interest ... becomes property of the estate ... only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

■ Although § 541(a) provides what constitutes property of the estate, the Bankruptcy Code does not resolve debtor's interest in the property. The court must look to state law in order to determine the nature of debtor's interest. *See Universal Coops., Inc. v. FCX, Inc. (In re FCX, Inc.),* 853 F.2d 1149, 1153 (4th Cir.1988), *cert. denied,* 489 U.S. 1011, 109 S.Ct. 1118, 103 L.Ed.2d 181 (1989).

■ Debtor argues that, at the time she filed her petition, she had a conditional interest in the balance of the proceeds under the note. Furthermore, debtor claims that the proceeds were not property of the estate because the condition to debtor's entitlement to the funds, namely termination of legal services or the note's stated maturity, had not occurred. However, debtor fails to identify the nature of her interest under state law. The trustee argues that under Virginia law, debtor's interest is property of the estate. Although the court is not convinced that Virginia law is the applicable law,[1] debtor has not contested the trustee's analysis under Virginia law. For purposes of discussion, I will refer to Virginia law; however, I note that the result would be the same under the laws of the District of Columbia.

Although the court could not find any cases directly on point, I find there is sufficient authority to hold that debtor's interest in the proceeds of the note is an equitable interest under state law and is sufficient to constitute property of the estate.

Debtor assigned the note to Glassman as a retainer for legal services. Any unearned portion of a retainer is property of the estate if debtor maintained an equitable interest in the retainer at the time the case was commenced. *See In re Lilliston,* 127 B.R. 119, 120–21 (Bankr.D.Md.1991). The facts in *Lilliston* are different than those before this court; the case involved the prepetition posting of a retainer to debtor's counsel for bankruptcy representation. However, *Lilliston* involved the identical issue currently before this court and that is whether a unearned portion of a prepetition retainer is property of the estate.

Pursuant to the agreement, Glassman was required to return unused funds. The pertinent language reads: "Any balance thereafter remaining *shall* be paid to you.... Thereupon, any balance *shall* be returned to you." See page 3, paragraph 3 of the retain-

---

1. Debtor, a Virginia resident, retained the services of Glassman who is licensed to practice law in Virginia and the District of Columbia. The retainer agreement is unclear as to the nature of

the representation. Accordingly, the court is unsure whether debtor retained Glassman for services as a member of the bar of Virginia or as a member of the District of Columbia bar.

er agreement (emphasis added). Refund is not discretionary under the agreement.

Furthermore, under Virginia Rules of Disciplinary Procedure § 2–108, an attorney is required, upon termination of representation, to refund any advanced payment of fee that has not been earned. Refund is not discretionary under Virginia law. In addition, Virginia Disciplinary Rule 9–102 requires attorneys to place refundable retainers into trust accounts and provides that attorneys must "[m]aintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his clients regarding them."

 Based on these Disciplinary Rules, it is obvious that under Virginia law, an attorney holds the retainer in trust for the client. In this instance, Glassman held the note and proceeds due under the note in trust for debtor. Debtor maintained an equitable interest in a refund of any advanced payment of this fee that had not been earned. This equitable interest under state law is sufficient to constitute property of the estate.[2] *See In re Lilliston*, 127 B.R. at 120–21; *In re Leff*, 88 B.R. 105, 107 (Bankr. N.D.Tex.1988) (holding that under Texas Disciplinary Rule 9–102, unused portion of retainer held in trust was an equitable interest which constituted property of estate).

On the date that debtor filed her bankruptcy petition, she possessed an equitable interest in any unused portion of the retainer (which is the proceeds under the note), and this interest is property of the estate. The unused portion of the retainer is the $25,262.56 received postpetition. ACCORDINGLY, the court will enter an order compelling debtor to turnover $25,262.56.

---

**2.** The result would be the same under the laws of the District of Columbia. Pursuant to Rule 1.15 of the District of Columbia Code of Professional Conduct, "[a]dvances of legal fees and costs become the property of the lawyer upon receipt. Any unearned amount of prepaid fees must be returned to the client at the termination of the lawyer's services …" Accordingly, refund is not discretionary under the laws of the District of Columbia. Although the lawyer obtains the legal interest, the client maintains an equitable interest. Debtor's equitable interest in the advanced fees is property of the estate. *See generally In re Bread & Chocolate, Inc.*, 148 B.R. 81, 82 (Bankr. D.D.C.1992) (holding that unearned prepetition retainer was property of the estate without a discussion of state law).