Affirmed by Supreme Court, January 26, 2004


Petition for cert granted by order
filed 3/10/03

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: EQUIPMENT SERVICES,
INCORPORATED,
*Debtor.*

UNITED STATES TRUSTEE,                No. 01-1779

    *Plaintiff-Appellant,*

    v.

EQUIPMENT SERVICES, INCORPORATED,
    *Defendant-Appellee.*

In Re: EQUIPMENT SERVICES,
INCORPORATED,
*Debtor.*

UNITED STATES TRUSTEE,                No. 01-1780

    *Plaintiff-Appellee,*

    v.

EQUIPMENT SERVICES, INCORPORATED,
    *Defendant-Appellant.*

Appeals from the United States District Court

for the Western District of Virginia, at Abingdon.

James P. Jones, District Judge.
(CA-00-143, BK-98-4851)

Argued: April 2, 2002

Decided: May 31, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed in part and reversed in part by published opinion. Judge Niemeyer wrote the opinion, in which Judge Williams joined. Judge Michael wrote an opinion concurring in part and dissenting in part.

_____

## COUNSEL

**ARGUED:** P. Matthew Sutko, Office of the General Counsel, Executive Office for United States Trustees, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. John Michel Lamie, BROWNING, LAMIE & GIFFORD, P.C., Abingdon, Virginia, for Appellee. **ON BRIEF:** Joseph A. Guzinski, Acting General Counsel, Office of the General Counsel, Executive Office for United States Trustees, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Margaret K. Garber, Trial Attorney, Office of the United States Trustee, UNITED STATES DEPARTMENT OF JUSTICE, Roanoke, Virginia; David R. Duncan, Regional Assistant United States Trustee, Office of the United States Trustee, UNITED STATES DEPARTMENT OF JUSTICE, Columbia, South Carolina, for Appellant.

_____

## OPINION

NIEMEYER, Circuit Judge:

John M. Lamie, an attorney retained to represent Equipment Services, Inc. in bankruptcy, applied to the bankruptcy court for the payment of his legal fees incurred (1) pre-petition, (2) during the Chapter 11 proceeding, and (3) after conversion to a Chapter 7 proceeding. Applying the current version of the Bankruptcy Code (as amended in 1994), 11 U.S.C. § 330(a) (2000), we affirm the district court's approval of fees incurred before the conversion to Chapter 7 and reverse its approval for fees incurred after. In reaching this conclusion, we reject Lamie's argument that § 330(a) included a "scrivener's

2

error" when it was amended in 1994 to delete the "debtor's attorney" from the list of persons eligible to be paid from bankruptcy estate, and we join two circuits that have reached the same conclusion. Regretfully, this decision also widens the split on this issue with three other circuits.

## I

Equipment Services, Inc. retained John Lamie to prepare for the company a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and to represent the company in the bankruptcy proceedings. Equipment Services paid Lamie a $6,000 "retainer," of which $1,000 was used to pay the fees and costs of filing the Chapter 11 petition. Consistent with the arrangement reached with Equipment Services, Lamie deposited the remaining $5,000 in his client escrow account, to be drawn upon as Lamie earned fees. This retainer arrangement was not documented, but Lamie explained it to the bankruptcy court as follows:

> The Court: What was your understanding, as far as the retainer was concerned?
>
> Mr. Lamie: Well, the retainer was to pay me in advance for fees that I would earn during the case, Your Honor. And it was to assure some payment of those fees. That is the reason. That is the way we explained to the client.
>
> The Court: Was it your understanding that any unused fees at the end of the case would be, in effect, refunded back to the Debtor?
>
> Mr. Lamie: Oh, it would be the Debtor's property at the end of the case, yes, Your Honor.
>
> The Court: So, the effect it [sic] to protect you . . . you know, your ability to get paid, is that what you were doing?

Mr. Lamie:  Yes. Yes, the money was put into trust and is billed against it. That is the way we have handled it.

Lamie filed the Chapter 11 petition on December 24, 1998, and, pursuant to Federal Rule of Bankruptcy Procedure 2016(b), he informed the bankruptcy court that he had received the remaining $5,000 from Equipment Services. He also obtained the bankruptcy court's permission to represent Equipment Services as the debtor-in-possession. Thereafter, during the Chapter 11 proceeding and before it was converted into a Chapter 7 proceeding, Lamie earned $1,325 in fees and incurred $3.85 in costs.

On March 17, 1999, on the motion of the United States Trustee, Equipment Services' Chapter 11 proceeding was converted into a Chapter 7 proceeding, and Robert E. Wick, Jr., was appointed to administer the bankruptcy estate. Lamie earned another $1,000 representing Equipment Services during the Chapter 7 proceeding. On June 5, 2000, Lamie filed an application with the bankruptcy court, seeking approval of attorneys fees in the amount of $2,325 ($1,325 earned during the Chapter 11 proceeding and $1,000 earned during the Chapter 7 proceeding) and $3.85 in costs incurred during the Chapter 11 proceeding. The United States Trustee objected to the award of fees to the extent that they included compensation for services rendered after the case was converted to a Chapter 7 proceeding. The Trustee argued that 11 U.S.C. § 330(a) "makes no provision for counsel of the debtor to be compensated by the estate" in a Chapter 7 proceeding. Moreover, the Trustee asserted that the application for fees did not specify what benefit the estate, as distinct from Equipment Services, received as the result of Lamie's work.

The bankruptcy court agreed with the Trustee that, under 11 U.S.C. § 330(a), a debtor's attorney is not authorized to be paid funds from the bankruptcy estate for services rendered after the case is converted to a Chapter 7 proceeding. The court nonetheless awarded Lamie all of his requested fees, in the amount of $2,325, plus $3.85 in costs, concluding that the pre-petition retainer held by Lamie was property of the bankruptcy estate only to the extent that it exceeded the *total fees* allowed to the debtor's counsel for *all services* rendered in the case, including services rendered after the Chapter 7 conversion.

4

The United States Trustee appealed this ruling to the district court, and Lamie cross-appealed the bankruptcy court's ruling that 11 U.S.C. § 330(a) prohibits a debtor's attorney from obtaining compensation from a Chapter 7 estate. The district court affirmed the bankruptcy court on both issues, and the parties filed these cross-appeals, raising two issues: (1) whether 11 U.S.C. § 330(a) (2000) allows a Chapter 7 debtor's attorney to be compensated from the estate; and (2) whether Lamie was entitled to deduct his post-Chapter 7 fees from the retainer notwithstanding any lack of authorization from § 330(a) to pay the debtor's attorney from the bankruptcy estate.

II

We first resolve whether 11 U.S.C. § 330(a) (2000) allows a Chapter 7 debtor's attorney to be compensated from the bankruptcy estate, an issue on which the courts of appeals have split. Both the bankruptcy court and the district court concluded that the plain language of § 330(a) does not authorize a debtor's attorney to be compensated from the estate in a Chapter 7 proceeding. Lamie contends that these courts' conclusions fail to recognize that when the Bankruptcy Code was amended in 1994, Congress made a scrivener's error in omitting authorization to pay fees to the debtor's attorney from a Chapter 7 estate — an authorization that existed prior to the 1994 revisions.

The 1986 version of § 330(a) stated in relevant part:

> (a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, *or to the debtor's attorney* —
>
> (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on

5

such services, and the cost of comparable services
other than in a case under this title.

11 U.S.C. § 330(a) (1988) (emphasis added). The Bankruptcy Reform
Act of 1994 amended § 330(a) to read in relevant part as follows:

> (a)(1) After notice to the parties in interest and the United
> States Trustee and a hearing, and subject to sections 326,
> 328, and 329, the court may award to a trustee, an examiner,
> a professional person employed under section 327 or 1103
> —
>
> (A) reasonable compensation for actual, necessary
> services rendered by the trustee, examiner, profes-
> sional person, or attorney and by any paraprofes-
> sional person employed by any such person.

11 U.S.C. § 330(a) (2000). Thus, § 330(a), as revised in 1994, omits
the phrase "or the debtor's attorney" from the list of persons to whom
a court may award "reasonable compensation" from the bankruptcy
estate for services rendered in a Chapter 7 proceeding.

Lamie argues that the deletion of the reference to debtor's attorneys
was inadvertent and that the omission renders the statute ambiguous,
permitting courts to look to the legislative history in interpreting the
statute. He maintains that the ambiguity arises from the fact that the
1994 version, while omitting "debtor's attorney" from its enumeration
of persons whom bankruptcy courts can compensate from the estate,
nonetheless retains a reference to attorneys in subpart (A). *See* 11
U.S.C. § 330(a)(1)(A) (2000) (allowing "reasonable compensation for
actual, necessary services rendered by the trustee, examiner, profes-
sional person, or attorney . . ."). Lamie also argues that a grammatical
error supports his conclusion that the 1994 version of § 330(a) is
ambiguous. He notes that there is no conjunction "or" between "ex-
aminer" and "a professional person" in the list of persons authorized
to receive fees in § 330(a)(1), supporting the conclusion that the dele-
tion of "or the debtor's attorney" was inadvertent. Based on this
ambiguity, he maintains that the court should look to the legislative
history and conclude that Congress expressed no intent to omit debt-
or's attorneys from § 330(a) when it enacted the Bankruptcy Reform

6

Act of 1994. Lamie's argument is supported by decisions in three circuits. *See In re Top Grade Sausage, Inc.*, 227 F.3d 123, 130 (3d Cir. 2000) (holding that Chapter 7 debtor's attorneys may be compensated from the estate because the current version of § 330 is ambiguous and "the legislative history does not manifest an intent by Congress to change the long-standing practice of compensating debtors' attorneys"); *In re Century Cleaning Servs., Inc.*, 195 F.3d 1053, 1056-61 (9th Cir. 1999) (finding § 330 to be "substantially ambiguous" and concluding that Chapter 7 debtor's attorney may be compensated from the estate based on legislative history and policy considerations); *see also In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996) (holding that the omission of debtor's attorney from § 330 was inadvertent and noting that "[w]here the benefits of services to the estate are the same, it makes no sense to treat performances of such benefits by debtors' attorneys differently than performances by other retained professionals").

On the other hand, the Trustee argues that the plain language of § 330(a), as it is now written, does not authorize compensation from the estate for the debtor's attorney in a Chapter 7 proceeding and that we should enforce the statute in its current form. As written, § 330(a)(1) plainly limits recovery of fees to "trustees," "examiners," and "professional persons employed under section 327 and 1103." While an attorney may be compensated from the estate as a professional person *employed by the Trustee under § 330(a)(1)(A)*, he is not directly payable as the *debtor's* attorney.

The Trustee also asserts that there are policy reasons supporting the 1994 change. He points out that in Chapter 7 proceedings, unlike proceedings under Chapters 11, 12, and 13, the debtors and creditors do not act like a team. Moreover, in a Chapter 7 proceeding, the Trustee is authorized to hire attorneys at estate expense as needed to help liquidate the estate, negating the need for the assistance of the debtor's attorney. Finally, the Trustee points out that in a Chapter 7 proceeding, a debtor's attorney cannot do the type of good work that could enlarge the estate in a Chapter 11 proceeding because a Chapter 7 proceeding is a zero-sum game. Inherent in the Trustee's argument is the fact that, unlike a proceeding under Chapter 11, where the debtor-in-possession is the trustee of the estate, in a Chapter 7 proceeding the debtor and the Trustee are distinct. In sum, the Trustee argues that

7

Congress deliberately, and for good reason, excluded the debtor's attorney from the list of parties that may be compensated from the debtor's estate in a Chapter 7 proceeding. The Trustee's argument is supported by decisions in two circuits. *See In re Am. Steel Products, Inc.*, 197 F.3d 1354, 1355-56 (11th Cir. 1999) (finding § 330 to be unambiguous and holding that a debtor's attorney cannot be compensated from the estate in a Chapter 7 proceeding); *In re Pro-Snax Distributors, Inc.*, 157 F.3d 414, 424-26 (5th Cir. 1998) (recognizing the likelihood that Congress inadvertently deleted debtor's attorneys from § 330, but nonetheless finding the language of the statute to be unambiguous in its exclusion of debtor's attorneys from those parties that may be compensated from the estate).

While we recognize that the circuits are split and that arguments may reasonably be made that Congress made an inadvertent error in amending § 330(a), we conclude that we should follow the plain language of the 1994 version of § 330(a), particularly because application of that plain language supports a reasonable interpretation of the Bankruptcy Code. The 1994 version clearly omits the prior authorization to compensate the debtor's attorney from a Chapter 7 estate. And the reference to "attorney" in § 330(a)(1)(A) does not make the statute ambiguous. "[A] professional person employed under section 327 or 1103," 11 U.S.C. § 330(a)(1) (2000), could be the antecedent to "attorney" as used in § 330(a)(1)(A), because the Trustee is authorized to hire an attorney as a professional person. Section 327(a) specifically states that "the trustee, with the court's approval, may employ one or more *attorneys*, accountants, appraisers, auctioneers, or other professional persons . . . to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a) (emphasis added). While the reference in § 330(a)(1)(A) to "attorney" may be superfluous, it does not render the statute ambiguous. In addition, the omission of the conjunction "or" in § 330(a)(1) after the word "examiner," is an oversight that is as consistent with the *deliberate* deletion of the words "debtor's attorney" as it is with the inadvertent deletion of those words from that section. Thus, this oversight does not render the language ambiguous.

We agree with the Fifth Circuit, that "[w]e must presume . . . that Congress intended what it said when it revised § 330 to delete any

provision for the award of compensation to a debtor's attorney in . . . a Chapter 7 . . . case." *Am. Steel Products*, 197 F.3d at 1356. When a statute is unambiguous, canons of construction prevent us from considering outside sources, such as legislative history, to attempt to discern what Congress may or may not have intended to do. *Id.*; *Pro-Snax Distributors*, 157 F.3d at 425.

The current version of § 330(a) has been in force now for eight years and Congress has not elected to recognize that it made a scrivener's error when it amended the statute in 1994. If Congress did indeed make an error, the error should be corrected by Congress, not by us. Because the plain language of § 330(a) as it is now written is unambiguous and is reasonable in application, we are constrained to enforce the language as written. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000). In doing so, we join the Fifth and the Eleventh Circuits that have done likewise.

### III

Despite the district court's conclusion that § 330(a) does not authorize Lamie, as the debtor's attorney, to be compensated from the bankruptcy estate, the court concluded that the pre-petition retainer was property of the estate only to the extent that it exceeded the total fees and services allowed to the debtor's counsel for all services rendered in the case, including services rendered after its conversion to a Chapter 7 proceeding.

The Trustee appeals this ruling, contending that the retainer became the property of the bankruptcy estate at the time the original Chapter 11 petition was filed because it was a "security retainer" and thus remained the property of the debtor until it was earned by Lamie. The Trustee therefore argues that any unearned portion of the retainer became property of the estate when the initial petition was filed, and Lamie was not entitled to fees *from the estate* with respect to services rendered after the Chapter 7 conversion. Lamie, on the other hand, responds by arguing that all fees with respect to the bankruptcy proceeding were paid in advance by Equipment Services in the form of the retainer. Thus, he was entitled to bill all of his fees, including those incurred after the Chapter 7 conversion, against the retainer. He asserts that only the portion of the retainer remaining after payment

9

of all attorneys fees and costs belongs to the estate, *i.e.*, $5,000 minus $2,328.85, or $2,671.15.

The parties do not dispute the general principle that, at the time the Chapter 11 proceeding was filed, the property of Equipment Services, "wherever located and by whomever held," became the bankruptcy estate. 11 U.S.C. § 541(a). And Equipment Services' property interests at the time it filed the petition are generally determined as a matter of state law; both parties recognize that "courts look to state law when determining a debtor's interest in property." *See In re Shearin*, 224 F.3d 346, 349 (4th Cir. 2000). In this case, the applicable Virginia law is simply the law of contracts under which fee arrangements between clients and lawyers are enforced, subject to ethical and public policy restrictions not applicable here.

Thus, the question becomes what the arrangement between Lamie and Equipment Services was, because only with that understood can we determine whether any amount of the retainer constituted property of Equipment Services at the time the Chapter 11 petition was filed. Retainer agreements can take various forms. For example, a retainer can be paid simply to ensure an attorney's availability to represent the client, whether or not services are ever performed. Or a retainer can be a prepayment for all future services to be performed, amounting to a flat fee. Under either one of these arrangements, the attorney acquires title to the retainer fee at the time he receives it, regardless of whether he thereafter performs legal services for the client. *See Indian Motocycle Assocs. v. Mass. Housing Finance*, 66 F.3d 1246, 1254 (1st Cir. 1995). On the other hand, if the relationship is a trust arrangement in which the attorney holds the retainer for the client as security for the payment of future fees, then the retainer so held, less any fees charged against it, constitutes the property of the client. *See Indian Motocycle*, 66 F.3d at 1255; *see also* 11 U.S.C. § 541(a). Indeed, Virginia's disciplinary rules demand that an attorney hold a retainer of this type in trust for the client. *See In re Prudoff*, 186 B.R. 64, 67 (Bankr. E.D. Va. 1995) (citing Va. Rules Discip. P. § 9-102).

In this case, the facts relating to the fee arrangement are not in dispute. Lamie was paid $6,000 to secure fees that he thereafter earned, and under the arrangement, as he earned fees, he became entitled to pay himself from the $6,000 sum. But until he earned fees, the

10

account remained the property of Equipment Services so that in the end, if any of the $6,000 remained, Lamie would be required to return the balance to Equipment Services.

Accordingly, at the commencement of this action, Lamie had earned, charged, and paid himself $1,000 in fees for the preparation and filing of the Chapter 11 petition. The remaining $5,000 in Lamie's trust account therefore became property of the bankruptcy estate, under 11 U.S.C. § 541(a), when the Chapter 11 petition was filed.

During the Chapter 11 proceeding, Lamie worked for the debtor-in-possession, and the bankruptcy court authorized that arrangement. Accordingly, the sum of $1,325 in fees earned and the $3.85 in costs incurred by Lamie while Equipment Services was "in Chapter 11" was payable from the $5,000 held by Lamie as part of the bankruptcy estate. Payment of that amount has been approved by the bankruptcy court and the district court, and it is not disputed by the Trustee. Thus, at the time the Chapter 11 proceeding was converted to a Chapter 7 proceeding, the $5,000 escrow account was subject to charges of $1,328.85, leaving the remaining $3,671.15 as part of the bankruptcy estate.

When the Chapter 11 proceeding was converted to a Chapter 7 proceeding, however, the bankruptcy estate became committed to the custody and control of the United States Trustee, and the $3,671.15 in Lamie's escrow account remained part of that estate. Under 11 U.S.C. § 330(a), as we have construed it, Lamie could not be paid fees from the estate while the proceeding was under Chapter 7. Moreover, the Trustee did not exercise his authority to retain Lamie during the Chapter 7 proceeding. Accordingly, even though Lamie incurred an additional $1,000 in fees on behalf of Equipment Services after the Chapter 7 conversion, he was not entitled to recover that amount *from the estate*. *See Indian Motocycle*, 66 F.3d at 1255; *In re Prudoff*, 186 B.R. at 67.

In sum, of the $6,000 retainer held by Lamie on behalf of Equipment Services, $1,000 was properly paid to him for pre-petition work; $1,328.85 is payable to him for work performed during the Chapter 11 proceeding; and $3,617.15 belongs to the estate. The judgment of

11

the district court is, accordingly, affirmed in its construction of 11 U.S.C. § 330(a) and insofar as it awarded Lamie fees before the Chapter 7 conversion and is reversed insofar as it awarded Lamie fees for work performed after the Chapter 7 conversion.

*AFFIRMED IN PART, REVERSED IN PART*

MICHAEL, Circuit Judge, concurring in part and dissenting in part:

I respectfully dissent from part II of the majority's opinion, but otherwise concur. Specifically, I agree with the majority's conclusion in part III of its opinion that the unearned portion of Lamie's retainer became property of the bankruptcy estate when Equipment Services filed its Chapter 11 petition. It follows that if Lamie can be compensated at all for the legal services he rendered after the conversion of the company's bankruptcy proceeding from Chapter 11 to Chapter 7, his compensation must come from the bankruptcy estate. As the majority acknowledges, the question of whether 11 U.S.C. § 330(a) allows a Chapter 7 debtor's attorney to be paid professional fees from the bankruptcy estate is a close one. Because the arguments on both sides of this question have been well developed by the majority and by panels from other circuits, there is nothing left for me to do but choose a side. I cannot side with the majority. Rather, I agree with the Third and Ninth Circuits, which hold that when Congress amended § 330(a) in 1994, it inadvertently deleted debtors' attorneys from the existing statutory list of those who could be paid from the bankruptcy estate for services rendered in bankruptcy proceedings. *See In re Top Grade Sausage, Inc.*, 227 F.3d 123, 130 (3d Cir. 2000); *In re Century Cleaning Servs., Inc.*, 195 F.3d 1053, 1061 (9th Cir. 1999). This drafting error should not prevent a Chapter 7 debtor's attorney from being paid with funds from the estate, just as he could be before the error occurred.

Here, Lamie is entitled to reasonable compensation from the bankruptcy estate for the legal services he rendered after the Chapter 7 conversion to the extent that those services were "reasonably likely to benefit the debtor's estate" or were "necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(ii). Because neither the bankruptcy court nor the district court regarded Lamie's post-Chapter 7 fees as compensation from the bankruptcy estate, they did not evalu-

12

ate his fee application under this standard. Accordingly, I would vacate the award of attorney's fees to Lamie for his post-Chapter 7 services and would remand for the bankruptcy court to evaluate Lamie's fee application under the proper standard. I concur in the majority's opinion insofar as it affirms the award of attorney's fees to Lamie for his services before the Chapter 7 conversion.

13